UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **TAMMY LOWE** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 4:15-cv-377** |
| **v.** | § | |
| | § | **JURY** |
| **TRAVELERS LLOYDS OF TEXAS** | § | |
| **INSURANCE COMPANY** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Travelers Lloyds of Texas Insurance Company ("Travelers" or "Defendant") files its Notice of Removal of this action from the County Court at Law No. 2 of Denton County, Texas to the United States District Court for the Eastern District of Texas, Sherman Division, the District and Division encompassing the state court in which this action is pending.  This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446.  In support hereof, Travelers shows this Court as follows:

1.     On May 5, 2015, Plaintiff Tammy Lowe ("Plaintiff") filed an Original Petition (the "Complaint") in the County Court at Law No. 2 of Denton County, Texas, styled *Tammy Lowe v. Travelers Lloyds of Texas Insurance Company*, where it was assigned Cause No. CV-2015-01020.

2.     On May 11, 2015, Travelers was served with a citation and the Complaint. Removal is timely because thirty (30) days have not elapsed since Travelers was served with a summons or citation.  28 U.S.C. §1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day deadline to remove begins on the date the

summons or citation is served even if the complaint is received at a prior date).

3.      Travelers is, contemporaneously with the filing of this Notice, giving written notice of filing of this Notice of Removal to the clerk of the County Court at Law No. 2 of Denton County, Texas, and will serve a copy of the Notice of Removal on Plaintiff.

4.      In accordance with Local Rule CV-81, attached are the following:

**Exhibit A:**     A list of all parties in the case, their party type, current status of the removed case, list of the attorneys involved in the action, a record of the party that requested trial by jury, if any, and the name and address of the court from which the case is being removed;

**Exhibit B:**     A certified copy of the state court docket sheet; and

**Exhibit C:**     A copy of all documents filed in the state court.

### GROUND FOR REMOVAL:  DIVERSITY

5.      This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different States where the matter in controversy exceeds $75,000.

**(a)      The amount in controversy exceeds the federal minimum jurisdictional requirements.**

6.      "Plaintiff seeks monetary relief over $100,000.00 but not more than $200,00.00." *See* Ex. C-1 at § VIII.  Accordingly, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

**(b)      Complete diversity between Plaintiff and Defendant exists.**

7.      Plaintiff was at the time of the filing of this action, has been at all times since, and is still an individual resident citizen of the State of Texas.  For diversity purposes, an individual is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and principal establishment, to which he has the intention of returning home whenever he is

absent therefrom.  *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954).  Accordingly, Plaintiff is a citizen of Texas.

8.      Travelers is a Lloyd's plan insurance association and is an unincorporated association.  For purposes of diversity jurisdiction, the citizenship of a Lloyd's plan insurance association is determined by the citizenship of its underwriters.  *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993); *see also State Farm Lloyds v. Peed*, No. CIV.A. 3:00CV1696-BC, 2001 WL 513427 (N.D. Tex. May 9, 2001) ("For purposes of diversity jurisdiction, a Lloyds Plan insurer is considered an 'unincorporated association' whose citizenship is determined solely by the citizenship of its underwriters.").  Travelers' underwriters are all citizens of Connecticut; none of its underwriters are citizens of Texas.  Accordingly, Travelers is a citizen of Connecticut.

9.      Accordingly, because the amount in controversy exceeds $75,000 and Plaintiff is a citizen of Texas while Defendant is a citizen of Connecticut, this Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332.  Removal is therefore proper.

WHEREFORE, Travelers prays that the above-described action now pending in the County Court at Law No. 2 of Denton County, Texas be removed to this Court.

Respectfully submitted,

_/s/ Wm. Lance Lewis_
WM. LANCE LEWIS
Texas Bar No. 12314560
ALISSA PUCKETT
Texas Bar No. 24056886
ANNA S. BROOKS
Texas Bar No. 24074147
**QUILLING, SELANDER, LOWNDS,**
**WINSLETT & MOSER P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
apuckett@qslwm.com
abrooks@qslwm.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing pleading has been furnished to Plaintiff's counsel of record in accordance with the Federal Rules of Civil Procedure, this 2nd day of June, 2015 at the address indicated below:

Jacey Hornecker
SPEIGHTS & WORRICH
1350 N. Loop 1604 East, Suite 104
(210) 495-6790 (Facsimile)

_/s/ Wm. Lance Lewis_
Wm. Lance Lewis